**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SCOTT CASTEEL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ROMEO ARANAS, *et al.,*<br><br>　　　　　　　Defendants. | Case No. 3:20-cv-00381-GMN-CLB<br><br>**ORDER** |

Before the court are multiple motions filed by Plaintiff Scott Casteel ("Casteel"): a motion seeking sanctions for a HIPAA[1] violation (ECF No. 48), motion for judicial intervention (ECF No. 49), and motion for a meet and confer (ECF No. 50). Defendants Dr. Romeo Aranas, Michael Minev, and John Borrowman (collectively referred to as "Defendants") responded to the motion for sanctions and motion for judicial intervention (ECF Nos. 53, 54, respectively), but did not respond to the motion for a meet and confer. No replies were filed. The court will address each motion in turn.

**I.	FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Casteel is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On June 22, 2020, Casteel filed an emergency motion to proceed *in forma pauperis*, for judicial intervention to receive medical attention for treatment of pain, cirrhosis of the liver, severe stomach and knee pain, and a bullet lodged in his leg. (*See* ECF No. 1.) Casteel subsequently filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for events that occurred while Casteel was incarcerated at the Ely State Prison ("ESP"). (ECF No. 3.) On July 3, 2020, the District Court entered a screening order on Casteel's complaint, allowing Casteel to proceed on an Eighth Amendment deliberate indifference to serious medical needs claims against Defendants. (ECF No. 5.) The

---

[1]	"HIPAA" refers to the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320(d) et seq.

District Court dismissed, with prejudice any claims against the NDOC Hep-C committee, as amendment would be futile, and dismissed malpractice and conspiracy claims against Defendants without prejudice.  (*Id.* 23.)  The case was then stayed 90-days to allow the parties an opportunity to settle.  (*Id.* at 9.)

According to Defendants, during the stay, and in preparation for an emergency hearing regarding Casteel's medical claims, a portion of Casteel's medical records were mistakenly sent to a third party.  (ECF No. 53 at 2.)  Casteel filed a motion to exclude the Attorney General's Office from his case, contending his HIPAA rights had been violated through the disclosure of his medical records.  (ECF No. 23.)  This court ordered the Office of the Attorney General to respond to the motion and a mandatory telephonic case management conference ("CMC") was set to discuss the alleged HIPAA violation.  (*See* ECF Nos. 29, 32, 35.)  At the CMC, and after discussing Casteel's motion to exclude the Attorney General's office from the case, Casteel voluntarily withdrew his motion.   (*See* ECF No. 42.)  However, the court found that Casteel should be allowed to file a motion seeking sanctions for the HIPAA violation and the court also suggested that the parties meet and confer to attempt to resolve the issue surround the HIPAA violation and appropriate sanctions before such motion was filed.  (*Id.*)  After having two meet and confer conferences, Casteel filed the instant motion for sanctions, motion for judicial intervention, and motion to meet and confer.  (ECF Nos. 48, 49, 50.)

**II.    MOTION SEEKING SANCTIONS FOR HIPAA VIOLATION**

Casteel is seeking sanctions for the Attorney General's violation of his HIPAA rights for the disclosure of medical records.  (ECF No. 48.)  Casteel seeks $50,000 for the Attorney General's wrongful disclosure of private medical records pursuant to 42 U.S.C § 1320(d)(6).  As a matter of law, HIPAA does not create a private cause of action in court for individuals.  *See Webb v. Smart Document Solutions, LLC.*, 499 F.3d 1078, 1082 (9th Cir. 2007).  Instead, HIPAA generally provides for confidentiality of medical records, enforcement of which is directed to the Secretary of Health and Human Services which provides a process for filing HIPAA complaints.  42 U.S.C. § 1320(d)(1)-

(d)(7). The statutory scheme itself empowers the Secretary of Health and Human Services to adopt standards that "ensure the integrity and confidentiality of information." 42 U.S.C. § 1320(d)(2).  As there is no private cause of action for HIPAA violations, only the Government is responsible for enforcement of the protections guaranteed by the statute, and therefore Casteel's motion is not cognizable under 42 U.S.C § 1983. *See Howard v. Haphcare*, 2018 WL 6028693 (D. Nev. 2018) (holding personal claims for HIPAA violations cannot be sustained under any law). Thus, although it appears that Casteel's medical records may have been disclosed to third party without his consent, based on the court's review of the statutory scheme, it appears that the court has no authority to issue sanctions for such a violation. Accordingly, the court is required to deny Casteel's motion for sanctions (ECF No. 48) under these circumstances.

### III.    MOTION FOR JUDICIAL INTERVENTION

Next, Casteel seeks judicial intervention to enforce terms of a proposed settlement with Defendants surrounding his motion for sanctions. (ECF No. 49.) According to both parties, a phone call—which took place on January 6, 2020—was made to offer concessions on the part of the Defendants to resolve the HIPAA sanction issue before a motion was filed. (ECF Nos. 49 at 2; 54 at 1.) Casteel asserts that in consideration for dropping the sanction issue, counsel for Defendants would agree to seeing that medical would arrange a consultation with an outside medical provider, and that Casteel could have photographs taken of his leg.  (*Id.*)  However, according to Defendant's counsel, Casteel indicated that he intended to proceed with filing his motion for sanctions, so settlement discussions ceased. (*See* ECF No. 54 at 1.)  Casteel now moves the court to enforce the terms of the proposed settlement discussions. However, there is no legal basis for which this court may grant relief as there is no agreement to enforce. Accordingly, the motion for judicial intervention (ECF No. 49) is denied.

///

///

///

### IV. MOTION TO MEET AND CONFER

Finally, Casteel filed a motion to meet and confer with Defendant's counsel. (ECF No. 50). It appears a meet and confer conference was conducted on February 18, 2021. (*See* ECF No. 56 at 1.) Accordingly, the motion to meet and confer (ECF No. 50) is denied as moot. The court notes that future requests for a meet and confer should be directed to opposing counsel, and not filed with the court. *See* LR IA 1-3(f).

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Casteel's motion for sanctions (ECF No. 48) is **DENIED**;

**IT IS FURTHER ORDERED** that Casteel's motion for judicial intervention (ECF No. 49) is **DENIED**; and,

**IT IS FURTHER ORDERED** that the motion for a meet and confer (ECF No. 50) is **DENIED AS MOOT.**

**DATED**: March 26, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**