**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SCOTT CASTEEL, | Case No. 3:20-cv-00381-GMN-CLB |
| Plaintiff, | **ORDER** |
| v. | |
| ROMEO ARANAS, *et al.,* | |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Scott Casteel ("Casteel") involving lack of treatment for the Hepatitis-C virus ("HCV"), cirrhosis of the liver, severe stomach and knee pain, and a bullet lodged in his leg, while he was in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 6.) Before the court are several motions filed by Casteel: (1) *ex parte* motion for appointment of counsel, (ECF No. 62); (2) motion to enter additional defendants/motion to enter additional exhibits in support of original claims and motion to enter additional defendants, (ECF Nos. 63, 67); (3) motion requesting transcripts for CMC held on 12-28-20 at 9:00AM, (ECF No. 64); (4) motion seeking court order allowing plaintiff to possess all medical files and documents, (ECF No. 65); and (5) motion requesting subpoena of documents from LabCorp from 2010 to 2020, (ECF No. 66). The bulk of the motions relates to Casteel's inability to obtain his medical records from the NDOC. Thus, the court first addresses his motion to possess medical records, (ECF No. 65), and will then address the other motions.

**I.    MOTION FOR MEDICAL RECORDS**

Casteel seeks an order from the court allowing him to possess his medical file and all medical documents that are pertain to his case. (ECF No. 65.) Defendants responded to the motion (ECF No. 71), and Casteel replied (ECF Nos. 72, 74). Defendants oppose the motion based mostly on their interpretation of Administrative Regulation ("AR") 639. (*See* ECF Nos. 71-2, 71-4.) However, the court has reviewed

and considered the merits of Casteel's argument, and has also reviewed and analyzed an order issued by Judge Cobb on this particular issue—*Ruiz v. NDOC*, Case No. 3:17-cv-00643-RCJ-WGC at ECF No. 40. Although this order is not binding on the court, after thorough consideration and independent research and analysis, the court finds Judge Cobb's analysis both persuasive and appropriate with respect to AR 639.08.

Therefore, the court adopts the analysis, reasoning, and conclusions in Judge Cobb's order related specifically to AR 639.08. Specifically, this court finds that the plain meaning of AR 639.02(8) grants inmates engaged in litigation directly involving medical records the ability to possess relevant copies of the records. In addition, this court also finds that those medical records must be provided to Casteel at the NDOC's expense. As such, the court grants Casteel's motion for medical records (ECF No. 65), to the extent it relates to medical records relevant to his case. Within fourteen (14) days of the issuance of this order, Defendants are ordered and directed to provide copies of Casteel's relevant medical records directly to him at the NDOC's expense.

Based on the court granting Casteel's motion for medical records, the court denies as moot his motion for appointment of counsel (ECF No. 62) and motion requesting subpoena (ECF No. 66), as those motions directly relate to his inability to possess his medical records, which is resolved with this order.

## II. MOTIONS TO ENTER ADDITIONAL DEFENDANTS AND EXHIBITS

Next, Casteel filed a motion to enter additional defendants, (ECF No. 63), and a motion to enter additional exhibits. (ECF No. 67). Defendants responded to the motion, (ECF No. 70), and no reply was filed.

These motions are an attempt to amend Casteel's complaint. However, Casteel has not complied with the rules related to seeking to an amended the complaint. Moreover, it is neither the court nor the Defendants' responsibility to piecemeal Casteel's complaint together. Casteel's operative complaint must contain all claims, defendants, and factual allegations that Casteel wishes to pursue in this lawsuit. Accordingly, the motions to enter additional defendants and exhibits, (ECF Nos. 63, 67), are denied, with

leave to refile as a motion for leave to file an amended complaint, along with a proposed amended complaint pursuant to Fed. R. Civ. P. 15.

If Casteel chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, thus, **the amended complaint must be complete in itself**. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

### III. MOTION FOR TRANSCRIPT

Finally, Casteel filed a motion requesting transcripts from the case management conference held before this court on December 28, 2020. (ECF No. 64.) The court notes that there is not currently a transcript of this case management conference available, thus, one would need to be produced. And while Casteel does not specify who he would like to pay to produce the transcript, the court assumes he intends for the government to pay.

A litigant who has been granted *in forma pauperis* status may move to have transcripts produced at government expense. Two statutes must be considered whenever the court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding *in forma pauperis*:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section

3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c). None of these circumstances apply here.

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal [or suit] presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

Here, Casteel is seeking a transcript from a case management conference to be used to file a HIPAA complaint against Defendants. Because the transcript requested is facially unrelated to the present civil suit and Casteel has not suggested why such a request is relevant to *this* case, his request for transcript at the government's expense, (ECF No. 64), is denied.[1]

**IV.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Casteel's motion for appointment of counsel (ECF No. 62) is **DENIED as moot**;

**IT IS FURTHER ORDERED** that the motion to enter additional defendants/motion to enter additional exhibits in support of original claims and motion to enter additional defendants (ECF Nos. 63, 67) are **DENIED, with leave to refile**;

**IT IS FURTHER ORDERED** that the motion requesting transcripts for CMC (ECF No. 64) is **DENIED**;

**IT IS FURTHER ORDERED** that the motion to possess medical records (ECF No. 65) is **GRANTED, in part**;

---

[1]    This is not to say that Casteel is prohibited from obtaining the transcript at his own expense.

4

**IT IS FURTHER ORDERED** that within fourteen (14) days of the issuance of this order, Defendants are ordered and directed to provide copies of Casteel's relevant medical records directly to him at the NDOC's expense; and,

**IT IS FURTHER ORDERED** that the motion requesting subpoena of documents (ECF No. 66) is **DENIED as moot**.

**DATED**: April 30, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**