# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SCOTT CASTEEL,

    Plaintiff,

v.

ROMEO ARANAS, *et al.*,

    Defendants.

Case No. 3:20-CV-00381-GMN-CLB

**ORDER**

Currently before the court are Plaintiff's motion to extend the deadline to file an amended complaint. (ECF No. 79). Defendants responded that they do not necessarily oppose an extension of time but did not know whether they have an objection to any proposed amended complaint until Plaintiff filed a motion to amend. (ECF No. 80). No reply was filed.

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; *see also* Local Rule IA 6-1.2. The good cause standard primarily considers the diligence of the party or parties seeking the extension. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The Court has broad discretion in supervising the pretrial phase of litigation. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

Local Rule 26-4 states if a request to extend a deadline occurs "after the expiration of the subject deadline," the request will not be granted "unless the movant also

demonstrates that the failure to act was the result of excusable neglect." LR 26-4.

In this instance, Defendants expressly indicate that they do not oppose Plaintiff's requested extension. (ECF No. 80). Although the court questions whether Plaintiff's reasons for failure to request an extension prior to the expiration of the deadline was established on excusable neglect, as a pro se litigant, the court will give him the benefit of the doubt. Moreover, pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion . . . shall constitute a consent to the granting of the motion. Therefore, Plaintiff's motion for extension of time to file a motion to amend (ECF No. 79) is **GRANTED**.

An opposition to plaintiff's motion to amend is due on July 20, 2021. A reply is due on July 27, 2021. Thereafter, the court will rule on the motion to amend.

**IT IS SO ORDERED.**

DATED: July 13, 2021

_____
UNITED STATES MAGISTRATE JUDGE