**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SCOTT CASTEEL,<br><br>          Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et al.*,<br><br>          Defendants. | Case No. 3:20-CV-00381-GMN-CLB<br><br>**ORDER DENYING MOTION TO BE ALLOWED TO REVIEW MENTAL HEALTH RECORDS**<br><br>[ECF No. 82] |

Pending before the Court is Plaintiff Scott Casteel's ("Casteel") motion to be allowed to view his mental health records. (ECF No. 82). In the motion, Casteel asserts he should be permitted to review his mental health because he claims his mental health records contain the "terms of the treatment contract signed by Plaintiff in 2012 while housed at Warm Springs Correctional Center and HCV treatment documents signed for mental health department on 5-1-2019 at E.S.P." (ECF No. 82 at 1.)

Defendants opposed the motion. (ECF No. 90). Defendants argue the motion should be denied because: (1) it does not conform to LR 7-2 in that it does not contain any points and authorities in support of the motion; (2) Plaintiff is not permitted to review his mental health documents under the NDOC Administrative Regulation ("AR") 639; and (3) the motion is moot because Defendants have searched his mental health files for the treatment contract and it is not in his mental health files. (ECF No. 90.)

In reply, Casteel reiterates that he should be permitted to review his mental health file and argues that there are records related to his HCV treatment in the mental health file based on alleged conversations he had that he claims support his assertions that HCV treatment records are contained in the mental health file.

Having reviewed the above, the Court denies Casteel's motion, (ECF No. 82), as moot.

First, Casteel's motion does not comply with LR 7-2(d) and on this basis alone can be denied. LR 7-2(d) states that "[t]he failure of a moving party to file points and authorities in support of a motion constitutes a consent to the denial of the motion." Casteel's motion is only one-paragraph in length and does not provide any points and authorities or legal basis for granting the request. On this basis alone, Casteel's motion should be denied.

However, Casteel's motion must also be denied on the merits. In the response to Casteel's motion, Defendants indicate that they thoroughly reviewed Casteel's mental health file in an attempt to locate the records Casteel claims are contained therein. However, after an exhaustive search, Defendants confirm in their motion and through the declaration of the medical records clerk that the file does not contain the records Casteel claims are contained in the file. (*See* ECF No. 90-2) (declaration of medical records clerk attesting to his search of Casteel's record and confirming the records Casteel claims are in the record are not located in the file.) As such, for this separate reason, the Court finds that Casteel's motion must be denied because the requests he makes are moot.

For the reasons stated above, Casteel's motion to be allowed to review mental health records, (ECF No. 82), is **DENIED**.

DATED: August 30, 2021.

**UNITED STATES MAGISTRATE JUDGE**

2