UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SCOTT CASTEEL,  )
           )
    Plaintiffs,  )  Case No.: 3:20-cv-00381-GMN-CLB
  vs.  )
           )  **ORDER**
ROMEO ARANAS, *et al.*,  )
           )
    Defendants.  )
           )

  Pending before the Court is Plaintiff Scott Casteel's ("Plaintiff's") Objection, (ECF No. 95), to the Magistrate Judge's Report and Recommendation, (ECF No. 94), recommending that the Court deny Plaintiff's Motion to Amend the Complaint, (ECF No. 81). Defendants Romeo Aranas, *et al.*, (collectively, "Defendants") filed a Response, (ECF No. 105), but Plaintiff did not file a Reply.

  Also pending before the Court is Defendant's Motion for Summary Judgment, (ECF No. 98).[1] Plaintiff filed a Response, (ECF No. 106), and Defendants filed a Reply, (ECF No. 107). The Magistrate Judge filed a Report and Recommendation, (ECF No. 109), recommending that the Court grant Defendant's Motion for Summary Judgment. Plaintiff did not file an Objection.

  For the reasons discussed below, the Court **GRANTS** Plaintiff's Objection and **DENIES as moot** Defendant's Motion for Summary Judgment.

---

[1] Defendants move for summary judgment based on the claims in Plaintiff's original Complaint, which as discussed below, is no longer the operative Complaint. As such, the Court denies as moot Defendant's Motion for Summary Judgment.

## I. BACKGROUND

This case arises out of Plaintiff's allegations regarding a lack of medical treatment rising to the level of deliberate indifference at Nevada Southern Detention Center ("NSDC"). Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at the Ely State Prison. (*See generally Compl.*, ECF No. 6). On June 22, 2020, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to treat his hepatitis-C virus ("HCV"), which caused him to develop liver damage and stomach cancer.[2] (Compl. 1–8). Plaintiff alleges these conditions cause him extreme pain, and he is being denied effective pain management medication. (*Id.* at 7). In coordination with doctors from Renown Regional Medical Center, Plaintiff received curative treatment for his HCV in 2019. (*See* Progress Notes at 1, Ex. 8 to Sealed Unredacted Document Mot. Summ. J., ECF No. 100-8).

On July 6, 2021, Plaintiff filed the Motion to Amend the Complaint (the "Motion"). (*See generally* Mot. Am. Compl., ECF No. 81). After reviewing the Motion, the Magistrate Judge recommended that the Court deny Plaintiff's Motion to the Amend the Complaint. (Report and Recommendation ("R&R") 4:27–5:2, ECF No. 94). Plaintiff timely filed an Objection to the Magistrate Judge's R&R. (*See generally* Pl.'s Obj. R&R, ECF No. 95).

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a

---

[2] Plaintiff's medical records indicate that there is no cancer diagnosis, and that HDSP informed him of that. (*See* Digestive Disease Center Discharge Instructions at 1, Ex. 1 to Sealed Unredacted Document Mot. Summ. J., ECF No. 100-1); (Abdominal Ultrasound at 5, Ex. 6 to Sealed Unredacted Document Mot. Summ. J., ECF No. 100-5); (Inmate Request Form at 1, Ex. 11 to Mot. Summ. J., ECF No. 98-4).

mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III. DISCUSSION

The Magistrate Judge recommends that the Court should deny Plaintiff's Motion because Plaintiff consents to the denial of his Motion by failing to provide points and authorities in violation of LR 7-2(d) and because amending the Complaint would be futile. (*See* R&R 2:22–5:2). The Court first discusses the violation of LR 7-2(d) and then turns to whether amending the Complaint would be futile.

### a. Dismissal under LR 7-2(d)

Plaintiff concedes that he failed to provide points and authorities in his Motion. (*See* Pl.'s Obj. at 1). In his Objection, however, he provides the Court with his points and authorities to his Motion. (*Id.*). Defendants respond by arguing that Plaintiff consented to the denial of the Motion by failing to file points and authorities pursuant to LR 7-2(d). (*See* Resp. Pl.'s Obj. 3:4–4:3, ECF No. 105).

A *pro se* litigant's submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, liberally

construing *pro se* pleadings does not excuse *pro se* litigants from adhering to the rules of procedure. *See U.S. v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) *overruling recognized on other grounds by United States v. Hanna*, 293 F.3d 1080 (9th Cir. 2002). "*Pro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). To that end, under LR 7–2(d), "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."

    Here, the Magistrate Judge did not clearly err by recommending that the Court should deny Plaintiff's Motion. Plaintiff does not provide points and authorities to support his Motion; instead, the Motion consists of one paragraph bereft of any legal basis for granting his request. (*See generally* Mot. Amend Compl.). Thus, the Magistrate Judge correctly recommended that the Court should deny Plaintiff's Motion for failing to provide points and authorities in support for his Motion. However, given the liberal standard for granting leave to amend by *pro se* plaintiffs, the Court will not adopt the Magistrate Judge's recommendation to deny Plaintiff's Motion based on lack of compliance with LR 7-2(d). *Cf. Choate v. Lane*, No. 2:17-cv-03043-RFB-VCF, 2019 WL 691398, at *4 (D. Nev. Feb. 19, 2019) ("Under the liberal pleadings standards applicable to *pro se* plaintiffs, the Court interprets the content of [a] Motion [to Amend the Complaint] to satisfy the requirements of the local rule sufficiently such that the Court can evaluate the futility of the amendment."). The Court will, thus, address whether Plaintiff demonstrates that the Magistrate Judge clearly erred in recommending the Court should deny the Motion on the merits.

    **b. <u>Futility of Amending the Complaint</u>**

    The R&R states amending Plaintiff's Complaint is futile because the new defendants and claims Plaintiff seeks to add: (1) would "not support a constitutional violation and would be subject to dismissal for failure to state a claim"; and (2) "have expired under the statute of

limitations." (*See* R&R 2:22–5:2). Plaintiff argues that his Motion satisfies a showing of deliberate indifference, (*see* Pl.'s Obj. at 3), because Defendants, including the new defendants, "chose not to treat [his]" serious medical needs. (*Id.* at 4–5). Defendants contend Plaintiff does not show the R&R is clearly erroneous because the new claims he seeks to include do not amount to deliberate indifference. (*See* Resp. Pl.'s Obj. 3:4–4:3).

Under Fed. R. Civ. Pro. 15(a), courts consider the following factors when determining whether to permit a party to amend their complaint: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). Futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

"To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To prove deliberate indifference, a plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In addition, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."

*Jett*, 439 F.3d at 1096.  Also, "[a] showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).

In the present case, the Magistrate Judge clearly erred by concluding that adding new claims and defendants to Plaintiff's Motion would be futile.  First, the R&R states that the Court previously screened out the new claims Plaintiff seeks to include in an Amended Complaint. (R&R 2:22–26).[3]  In its Screening Order, the Court ordered "that Claim 6, alleging Eighth Amendment claims for deliberate indifference to serious medical needs, may proceed against John Doe #2 when Plaintiff learns this person's real name and moves to substitute that person's name." (Screening Oder 24:3–5); (*See also id.* 18:11–19:4).  Plaintiff has learned the name of John Doe #2; in Plaintiff's Objection, he seeks leave to substitute a Dr. Bryant for Defendant John Doe #2. (*See* Pl.'s Obj. at 5).  Moreover, the claims he alleges against Dr. Bryant are parallel to those that he alleges against John Doe #2.  (*Compare* Compl. at 23), (*with* Mot. Am. Compl. at 23).  As such, the Magistrate Judge clearly erred by reasoning that the Court had previously screened Claim Five of the Amended Complaint out of the case.

Further, each other new claim[4] is substantially different from the claims the Court dismissed in its Screening Order. (*Compare* Screening Order 23:1–24:10), (*and* Compl. at 14–26), (*with* Mot. Am. Compl. 17–39).  For example, Plaintiff does not raise them as medical malpractice claims.[5] (*See* Mot. Am. Compl. 17–39).  These causes of action allege colorable Eighth Amendment claims of deliberate indifference against the new defendants Plaintiff seeks

---

[3] Plaintiff's new claims consist of Claims Six through Seventeen; claims One through Five are recitations of the various claims in the original Complaint that survived the Screening Order. (*Compare* Screening Order 23:1–24:10) (*and* Compl. at 14–26), (*with* Mot. Am. Compl. at 17–39).
[4] The Court is referring to Claims Seven through Seventeen in Plaintiff's Motion to Amend the Complaint.
[5] The issue of whether Nevada's statute of limitations bars Plaintiff's medical malpractice claims is moot because, as explained below, Plaintiff does not raise medical malpractice claims in his Amended Complaint.

to include in his Amended Complaint. (*See id.*).  For instance, Claim Six alleges Dr. Gentney "began the process of treating the Plaintiff but did not follow through causing Plaintiff years of suffering and finally liver disease/[cirrhosis]." (Mot. Am. Compl. at 24); *see also Jett*, 439 F.3d at 1096; *Starr*, 652 F.3d at 1206–07.  Further, Claims Eight through Seventeen similarly allege with specific facts that the new defendants were aware of Plaintiff's HCV and failed to treat his HCV, which caused him to develop liver damage. (*See* Mot. Am. Compl. at 27–39).  Because these causes of action allege colorable Eighth Amendment claims against the new defendants, the Court rejects the Magistrate Judge's R&R and grants Plaintiff's Motion.

As to Claim Thirteen, the Court previously dismissed Plaintiff's claim against Hometown Health since the Court could not "tell from the allegations whether Hometown Health" was a state actor because "Plaintiff [did] not allege that Hometown Health [was] a government entity." (Screening Order 22:1–3).  Presently, Plaintiff claims Hometown Health is NDOC's healthcare carrier. (Mot. Am. Compl. at 32).  A private healthcare carrier contracting with the State to provide medical services may qualify as a state actor, and therefore be liable under a Section 1983 claim, if it exercises powers traditionally exclusively reserved to the State. *Cf. Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (holding that a hospital and ambulance service contracted with the State to provide medical services to indigent citizens were state actors for purposes of surviving motion to dismiss); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928–29 (2019).  Therefore, it appears Plaintiff cures the deficiency identified in the Screening Order as to Hometown Health's possible status as a government entity.

The Court also dismissed Plaintiff's claim against Hometown Health because he did not allege specific facts to show what Hometown Health did in connection with his HCV, cancer, and leg problems. (Screening Order 22:3–20).  Plaintiff's Amended Complaint corrects this deficiency by providing specific allegations regarding Hometown Health's alleged misconduct

that allegedly caused Plaintiff's injuries. (Mot. Am. Compl. 32–34).  Therefore, Plaintiff seems to state a colorable Eighth Amendment claim against Hometown Health.  As such, the Magistrate Judge clearly erred by recommending that the Court deny Plaintiff's Motion on the merits because Plaintiff's new causes of action state colorable Eighth Amendment claims against the new defendants.  Accordingly, the Court grants Plaintiff's Objection, rejects the Magistrate Judge's R&R, and grants Plaintiff's Motion to Amend the Complaint.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 95), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint, (ECF No. 81), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 98), is **DENIED as moot**.

**DATED** this __12__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT