# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SCOTT CASTEEL,<br><br>                 Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et al.*,<br><br>                 Defendants. | Case No. 3:20-CV-00381-ART-CLB<br><br>**ORDER DENYING PROPOSED STIPULATED PROTECTIVE ORDER**<br><br>[ECF No. 164] |

This case involves a civil rights action filed by Plaintiff Scott Casteel against various defendants. On October 24, 2022, the parties have submitted a proposed stipulated protective order (hereinafter "First SPO"). (ECF No. 162.) The first SPO failed to include a provision that provides a procedure for filing items identified as "confidential" under the terms of the First SPO in court filings. Rather, Section 12.3 merely stated that, "Protected Material may only be filed under seal pursuant to a court order." (ECF No. 162 at 11.) In addition, the First SPO did not include a provision indicating that the Court will only retain jurisdiction over this order while the case is pending. Therefore, the Court denied the First SPO and granted the parties leave to refile after the corrections identified in the order were made. (ECF No. 163.)

The parties have now submitted a Second proposed stipulated protective order (hereinafter "Second SPO"). (ECF No. 164.) However, the parties failed to make all the corrections identified by the Court's Order, ECF No. 163. Specifically, although the Second SPO contains jurisdictional limitation language, the Second SPO **does not** include any corrected language or provision related to the filing of sealed documents. Rather, the Second SPO includes the identical language in Section 12.3 from the First SPO, which the Court expressly determined was inadequate. (*See* ECF No. 162 at § 12.3; ECF No. 164 at § 12.3.) The failure to make this required change is particularly troubling because the Court provided an example of language for this

provision that it had previously approved in other cases. (*See* ECF No. 163 at n. 2.)

Therefore, the Court again **DENIES** the proposed stipulated protective order. (ECF No. 164). The parties have leave to submit a revised stipulated protective order that **comports with** LR IA 10-5 and the holdings in *Kamakana* and *Center for Auto Safety*. (See ECF No. 163 at n. 2.) However, if the parties file a third proposed stipulated protective order that again fails to comply with this Order and the Court's previous order, (ECF No. 163), the Court will summarily deny the stipulation and may issue an order to show cause why sanctions should not be imposed for failure to follow the Court's orders.

**IT IS SO ORDERED.**

**DATED** this 25th day of October, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**