# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| SCOTT CASTEEL, | Case No. 3:20-CV-00381-ART-CLB |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION SEEKING 25 MORE INTERROGATORIES AND GRANTING MOTION TO ENTER RESPONSE** |
| v. | |
| ROMERO ARANAS, *et al.*, | |
| Defendant. | [ECF Nos. 169, 174] |

Pending before the Court is Plaintiff Scott Casteel's ("Casteel") motion seeking leave to serve an additional 25 interrogatories on *all* Defendants. (ECF No. 169.) There are currently 13 named defendants who have appeared in this case. Thus, Casteel is seeking leave to serve over three hundred additional interrogatories in this case. Casteel's motion fails to include any points and authorities or any evidence to support this request. Rather, he simply claims that prior responses to interrogatories he received from some Defendants were inadequate, he is waiting on interrogatory responses served on other defendants, and he is "learning the discovery process." (*Id*. at 1-2.)

Defendants opposed the motion. (ECF Nos. 171, 172.) First, Defendant Hometown Health argues that the motion should be summarily denied because Casteel has failed to set forth a good faith basis for the motion and Casteel has refused to meet and confer with respect to alleged deficiencies to interrogatory responses provided by Hometown Health, or any other issues. (ECF No. 171.) Additionally, in separate opposition, the balance of the represented Defendants (hereinafter "NDOC Defendants") argue the motion should be denied because Casteel has failed to make a particularized showing as to why he needs the additional requested discovery. (ECF No. 172.)

Casteel failed to file a reply. Rather, he filed a document entitled, "motion to enter a response" to Defendants' oppositions. (ECF No. 174.) The Court construes this motion as a reply brief. In this document, Casteel argues that he is a *pro se* litigant with no law

degree and claims that he has since "learned of some interrogatories he needs to ask" – however he does not explain what those additional interrogatories are, or to which defendants they apply.

For the reasons discussed below, Casteel's motion seeking 25 more interrogatories, (ECF No. 169), is denied.

I.  **LEGAL STANDARD**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Pursuant to the Federal Rules of Civil Procedure, "a party may serve on any other party no more than 25 written interrogatories, including discrete subparts." Fed. R. Civ. Pro. 33(a). "Leave to serve more interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." *Id*. Rule 26(b)(1) provides that the scope of discovery includes any nonprivileged matter that is relevant to a party's claims or defenses which is proportional to the needs of the case. By contrast, Rule 26(b)(2) requires courts to "limit the frequency or extent of discovery ... if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

A party seeking leave to serve more than 25 interrogatories permitted by the Federal Rules must make a particularized showing of why the discovery is necessary. *See Ioane v. Spjute*, Case No. 1:07-cv-00620-AWI-GSA, 2015 WL 1984835, at *1 (E.D. Cal. Apr. 30, 2015) (citing *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of*

*Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999)); *see also Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 518 (D. Minn. 1992) (denying leave to serve additional Interrogatories, where party did not demonstrate necessity by showing the specific content of those Interrogatories); *Whittingham v. Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995) (Federal Rules require party to make specific showing of necessity, and to first exhaust available discovery before seeking leave of Court for supplemental discovery).

## II.  DISCUSSION

With the above legal standards in mind, the Court finds Casteel has failed to make any showing, much less a particularized showing, as to why he needs to serve hundreds of additional interrogatories on the defendants in this case. Casteel has not explained or provided any information as to what additional questions he needs to ask of each defendant that have not already been included in his prior interrogatories. In fact, Casteel failed to provide any evidence, declarations, or points and authorities to support his motion. Local Rule 7-2(d) of the District of Nevada states that "[t]he failure of a moving party to file points and authorities in support of a motion constitutes a consent to the denial of the motion." On this basis alone, the motion should be denied.

Moreover, the Court finds that contrary to Casteel's claims, he has had ample opportunity to obtain and, in fact, has received extensive discovery in this case. First, the Court specifically ordered Defendants to provide initial disclosures in this case, which according to the evidence submitted by the NDOC Defendants, have been provided and supplemented numerous times. (*See* ECF Nos. 172-2, 172-3, 172-4, 172-5.) Moreover, the Court previously granted Casteel's requests to review his medical records and to maintain those records in his cell. (ECF Nos. 76, 78.) The Court has also granted several extensions of time to conduct discovery in this case.

In addition, Casteel has already served interrogatories on Defendant Hometown Health and 12 NDOC Defendants. (*See* ECF No. 169 (Casteel's own statements that he has served interrogatories on Hometown Health and several other defendants); ECF No.

171 (explaining attempts to meet and confer with Casteel over alleged deficiencies in Hometown Health's interrogatory responses); ECF Nos. 172, 172-7 (Defendant Gedney interrogatory responses to 16 interrogatories).) Assuming Casteel served at least 15 interrogatories on each of these 13 Defendants, Casteel has already served approximately 200 interrogatories in this case. Yet, Casteel now requests to serve an additional 25 interrogatories on *all* defendants in this case—which would equate to hundreds of additional interrogatories. The Court also finds that the request is vastly disproportionate to the needs of this case and would be unduly burdensome to Defendants. For all of these reasons, Casteel's request must be denied.

Finally, to the extent that Casteel's request for this additional discovery is based on his claims that prior interrogatory responses have been insufficient, this is not a basis to serve additional interrogatories. Rather, Casteel is required by the Local Rules and this Court's orders to meet and confer with Defendants to attempt to resolve these types of issues without Court intervention. However, according to evidence submitted by Defendant Hometown Health, Casteel has refused attempts to meet and confer to resolve discovery disputes.

Therefore, Casteel is reminded that pursuant to this Court's scheduling order, as well as the Local Rules and the Rules of Civil Procedure, prior to filing any additional discovery motions, the parties must first undertake a good faith effort to resolve any dispute among the parties. (ECF No. 44 at 4.) A discovery motion will not be considered unless the movant has made a good-faith effort to meet and confer with the opposing party before filing the motion. To comply with the meet and confer requirement, an incarcerated party is required to send a written communication to the opposing counsel or party explaining, with specificity, the discovery dispute and a request to hold a telephonic meet and confer session. (*Id.*)

If the meet and confer efforts are unsuccessful, the party seeking to compel discovery, or a protective order, may file a discovery motion. The motion must include the following: (1) a declaration providing the details and results of the meet-and-confer

conference about each disputed discovery request; and (2) the full text of each discovery request and disputed response at issue. (*Id*.)

All motions to compel discovery, or for a protective order, must set forth, in full, the text of the discovery originally sought and any response to it. Discovery motions will not be considered unless the movant: (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion; and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request. LR 26-6(b), (c).

### III. CONCLUSION

For the reasons discussed above, Casteel's motion to serve an additional 25 interrogatories, (ECF No. 169), is **DENIED.**

In addition, Casteel's motion to enter a response, (ECF No. 174), is **GRANTED** as the Court construes this motion as a reply brief.

**IT IS SO ORDERED.**

**DATED** this 30th day of November, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**